Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 3382 | DATE | 9/8/2004 |
| CASE TITLE | Joan Daly vs. Kohl's Department Stores, Inc., et | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's Motion to Remand this action to the Circuit Court of Cook County is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 0 9 2004 | 8 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| WAP | courtroom deputy's initials | 2004 SEP -9 AM 7:56 | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT FILED
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEP 8 2004

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

JOAN DALY,

    Plaintiff,

v.

KOHL'S DEPARTMENT STORES, INC.
and MARY FRANCIS TRZASKUS,

    Defendants.

Case No. 04 C 3382

Hon. Harry D. Leinenweber

DOCKETED

SEP 0 9 2004

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Defendant, Kohl's Department Store, Inc. (hereinafter, "Kohl's"), removed this action to federal court under 28 U.S.C. §§ 1441 and 1446. The parties are now before the Court on Plaintiff Joan Daly's Motion to Remand this action to the Circuit Court of Cook County. Plaintiff argues that because the diversity of citizenship requirement has not been satisfied, the Court lacks subject matter jurisdiction. For the reasons that follow, the Plaintiff's motion to remand is granted.

### II. BACKGROUND

Plaintiff originally brought this action in the Circuit Court of Cook County on November 19, 2003. In her complaint, Plaintiff alleges she sustained personal bodily injuries at Kohl's as a result of being struck by a merchandise cart operated by a Kohl's employee at its store in Illinois. (Motion to Remand, ¶ 1). Plaintiff further alleges that she did not learn the identity of the employee



who struck her with the cart until March 22, 2004, at which time Kohl's identified the employee as Mary Francis Trzaskus (hereinafter, "Trzaskus"), an Illinois resident. Kohl's provided such information in response to Plaintiff's emergency interrogatories of February 10, 2004. On May 5, 2004, the Circuit Court granted Plaintiff leave to file her First Amended Complaint adding Trzaskus as an additional party defendant, and Plaintiff filed her First Amended Complaint (the "Amended Complaint") on the same date.

In the Amended Complaint, Plaintiff seeks a judgment against Kohl's and Trzaskus, and "each of them jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000), plus the costs of th[e] suit." (Amended Complaint, p. 4). However, on February 4, 2004, Kohl's filed a request to admit that the amount in controversy exceeded $75,000, to which Plaintiff filed no response. (Notice of Removal, at ¶ 2). Subsequently, on May 13, 2004, Kohl's filed a notice of removal to federal court pursuant to 28 U.S.C. §§ 1441 and 1446.

### III. DISCUSSION

Section 1441(a) permits a defendant to remove to federal court any civil action originally brought in state court if the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441 (a). Pursuant to 28 U.S.C. § 1332, a district court has such original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs" and where the parties have diverse citizenship.

28 U.S.C. § 1332. Kohl's, as the removing party, bears the burden of showing that the removal jurisdiction is proper and "they must present evidence of federal jurisdiction once the existence is fairly cast into doubt." In re Brand Name Prescription Drugs Antitrust Litig., 123 F.3d 599, 607 (7th Cir. 1997).

Here, the Plaintiff disputes that there is complete diversity of jurisdiction in this case. Both Plaintiff and Defendant Trzaskus are presently and were at the time of the incident and at the time the Complaint and Amended Complaint were filed citizens and residents of Illinois. Kohl's was a Delaware Corporation with its principal place of business in Wisconsin at the time of the incident and the time the Complaint was filed. Thus, after the filing of Plaintiff's Complaint on May 5, 2004, the parties had non-diverse citizenship.

Because the parties are of non-diverse citizenship, Plaintiff contends that the only issue to be decided by the Court is "whether the Complaint, on its face, states a valid cause of action against Ms. Trzaskus." (Motion to Remand, ¶ 9). The Plaintiff notes that "Kohl's has not alleged in its notice of removal, any deficiencies in the Plaintiff's Complaint, nor has it alleged that the Plaintiff's First Amended Complaint can not [sic] allege a valid cause of action against Ms. Trzaskus for the incidents alleged to have caused injury to the Plaintiff." Id. Kohl's argues that it had no knowledge of the Amended Complaint when it filed the Notice of Removal on May 14, 2004. Further, Kohl's alleges that Plaintiff added Trzaskus "solely to defeat Kohl's right to diversity jurisdiction." (Defendant's

Response to Plaintiff's Motion to Remand, at ¶ 6). Finally, Kohl's contends that Trzaskus is not an indispensable party and there is "no reason to name Ms. Trzaskus as a personal defendant because plaintiff has an adequate remedy in pursuing the action against Kohl's." Id.

First, the Court notes that Kohl's does not provide any evidence to substantiate its claim that Plaintiff added Trzaskus for an improper purpose. In fact, both parties acknowledge that prior to March 22, 2004, Kohl's had not provided Plaintiff with any information regarding Trzaskus's identity or citizenship. Plaintiff filed the Amended Complaint less than six weeks after receiving such information on May 5, 2004.

Plaintiff alleges that she suffered personal injuries as a direct result of Trzaskus's actions and negligence while employed by Kohl's. Kohl's identifies Trzaskus as the "Kohl's employee who was operating the merchandise cart which struck the Plaintiff on September 11, 2002, as alleged in Plaintiff's complaint." (Defendant's Answers to Plaintiff's Emergency Interrogatories, ¶ 1). In its Response to Plaintiff's Motion to Remand, Defendant has not presented evidence to suggest that Plaintiff would not have named Trzaskus as part of her initial complaint had she known her identity at such time, or that she could not maintain an action against Trzaskus.

Despite Kohl's contention that it was unaware that Plaintiff had filed the Amended Complaint, the date stamp on such Amended Complaint verifies that it was filed on May 5, 2004 at 8:44 a.m. Kohl's filed

Response to Plaintiff's Motion to Remand, at ¶ 6). Finally, Kohl's contends that Trzaskus is not an indispensable party and there is "no reason to name Ms. Trzaskus as a personal defendant because plaintiff has an adequate remedy in pursuing the action against Kohl's." Id.

First, the Court notes that Kohl's does not provide any evidence to substantiate its claim that Plaintiff added Trzaskus for an improper purpose. In fact, both parties acknowledge that prior to March 22, 2004, Kohl's had not provided Plaintiff with any information regarding Trzaskus's identity or citizenship. Plaintiff filed the Amended Complaint less than six weeks after receiving such information on May 5, 2004.

Plaintiff alleges that she suffered personal injuries as a direct result of Trzaskus's actions and negligence while employed by Kohl's. Kohl's identifies Trzaskus as the "Kohl's employee who was operating the merchandise cart which struck the Plaintiff on September 11, 2002, as alleged in Plaintiff's complaint." (Defendant's Answers to Plaintiff's Emergency Interrogatories, ¶ 1). In its Response to Plaintiff's Motion to Remand, Defendant has not presented evidence to suggest that Plaintiff would not have named Trzaskus as part of her initial complaint had she known her identity at such time, or that she could not maintain an action against Trzaskus.

Despite Kohl's contention that it was unaware that Plaintiff had filed the Amended Complaint, the date stamp on such Amended Complaint verifies that it was filed on May 5, 2004 at 8:44 a.m. Kohl's filed

its Notice of Remand on May 13, 2004. Thus, at the time that Kohl's filed its notice of removal to federal court, there was not complete diversity of citizenship between the parties as both Plaintiff and Trzaskus are citizens and residents of Illinois. Kohl's has not met its burden of showing that the removal jurisdiction was proper. See In re Brand Name Prescription Drugs Antitrust Litig., 123 F.3d 599, 607 (7th Cir. 1997). The Court concludes that it lacks subject matter jurisdiction over the claim. Accordingly, the Plaintiff's Motion to Remand is granted.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand is **GRANTED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: September 8, 2004